IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE 1 | |
| Plaintiff, | Case No: 2:23-cv-003875 |
| vs. | |
| | Judge _____ |
| GALLIA COUNTY LOCAL SCHOOLS BOARD OF EDUCATION, ET AL. | |
| | Magistrate Judge _____ |
| Defendants. | |

**PLAINTIFF'S MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYM**

Now comes Plaintiff, John Doe 1, by and through undersigned counsel, and hereby moves this Court for an Order permitting him to proceed using the pseudonym referenced above. A proposed order is attached hereto for the Court's consideration, as well as a Memorandum in Support of this Motion.

Respectfully Submitted,

 *s/ Craig S. Tuttle*
Craig S. Tuttle (0086521)
LEESEBERG TUTTLE
175 S. Third Street, Penthouse One
Columbus, Ohio 43215
Tel: 614.221.2223
Fax: 614.221.3106
Email: ctuttle@leeseberglaw.com

Mark. A. Weiker (0086413)
ABDNOUR WEIKER, L.L.P.
262 S. Third Street
Columbus, Ohio 43215

Tel: 614/745.2001
Fax: 614/417.5081
Email: mark@education-rights.com

*Trial Attorneys for Plaintiff*

## MEMORANDUM IN SUPPORT

Plaintiff John Doe 1 files this Motion for Permission to Proceed Under Pseudonym in his Complaint and all other filings in this case to maintain his privacy and reputational interest as he pursues the claims against Gallia County Local Schools Board of Education (the "BOE") and others for their violations of Plaintiff's civil rights, their deliberate indifference to sexual harassment and abuse in violation of Title IX, and other claims.

Plaintiff's claims each arise out of the unlawful sexual conduct, harassment, and grooming behavior of Defendants Michal Paige Huck and Matthew Huck, which occurred while John Doe 1 was a minor child, and a student at River Valley High School. Additionally, the claims arise out of the remaining Defendants' failure to take action and investigate numerous reports and complaints about the Hucks and their behavior with students, for years prior to John Doe 1 ever being a student at RVHS.

This litigation involves sensitive personal matters, and if John Doe 1 is forced to reveal his identity in the Complaint or other public filings, he will most likely suffer further humiliation, ridicule, and trauma. Defendants are fully aware of the actual identity of Plaintiff, (see below) and will not be prejudiced by the use of pseudonyms for filings in this case.

I. **RELEVANT FACTUAL BACKGROUND**

Plaintiff's Complaint sets forth all relevant facts underlying the claims in this case. However, in brief, John Doe 1 was groomed for a sexual relationship, and then sexually abused,

- 2 -

during his time in high school as a minor, by an employee of the BOE and his wife. This grooming behavior occurred on BOE property, and such behavior was previously reported to BOE employees on *numerous* occasions, prior to John Doe 1's abuse. Thus, the Defendants herein, other than Paige and Matthew Huck, had actual and constructive knowledge of the Hucks' harassing and grooming behavior, as well as abuse of other students, but failed to investigate it and prevent the continued abuse of students, including John Doe 1.

**II.    LAW AND ARGUMENT**

    **A.    The law provides protects the identity of plaintiffs in claims against schools arising out of sexual abuse.**

Generally, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). However, the Sixth Circuit has held that a plaintiff may be excused from this requirement when his or her "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (affirming district court's protective order allowing plaintiffs to proceed pseudonymously). The Sixth Circuit has identified the following factors which courts should consider in making this determination:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity;
>
> (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy";
>
> (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and
>
> (4) whether the plaintiffs are children.

*Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). A court may also consider whether permitting anonymity will force a defendant to proceed with insufficient information to defend against the plaintiff's claims. *See id.* at 561 (holding that the district court did not abuse its

discretion in allowing the plaintiff to proceed pseudonymously because defendants were not hindered in preparation of trial).

Courts have not implemented a bright line test to determine the appropriateness of pseudonyms. Some courts have considered whether the plaintiff would risk injury if identified. *Doe v. City of Indianapolis*, No. l:12-cv-0062-TWP-MJD, 2012 U.S. Dist. LEXIS 24686, at *3 (S.D. Ind.). In *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008), the Second Circuit set forth another non-exhaustive list of factors to conduct this analysis:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

(internal citations and quotations omitted.)

Courts have long permitted parties to use pseudonyms when necessary to protect privacy and reputational interests, like the ones in this matter. *See, e.g., Doe v. Von Eschenbach*, No. 06-2131, 2007 U.S. Dist. LEXIS 46310, at *4-5 (D.D.C. June 27, 2007)(noting that the use of pseudonyms "has been permitted where the issues are matters of a sensitive and highly

personal nature" and observing that the "presumption of openness" must be balanced with the "plaintiff's privacy rights")(citation omitted); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'")(citation omitted); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes").

Further, trial courts in the Sixth Circuit have held that plaintiffs who are victims of sexual misconduct, and those seeking redress against schools for inappropriately responding to allegations of sexual misconduct, should be permitted to proceed under pseudonym. *See, e.g.*, *Doe v. Mitchell*, No. 2:20-cv-00459, 2020 U.S. Dist. LEXIS 220750 (S.D. Ohio Nov. 24, 2020) (holding that there was a compelling reason to protect plaintiff Jane Doe's privacy because she will be forced to disclose extremely private information as the victim of a sexual assault); *NMIC Ins. Co. v. Smith*, No. 2:18-cv-533, 2018 WL 7859755, at *2 (S.D. Ohio Oct. 24, 2018)(citing *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)("fictitious names are allowed when necessary to protect the privacy of . . . rape victims. . . ."); *S.C. v. Metropolitan Govt. of Nashville & Davidson Cnty.*, 579 F.Supp.3d 999 (M.D. Tenn. 2022)(Plaintiff proceeded under pseudonym in suit against former school district for response to sexual misconduct); *Doe v. Rutherford Cnty., Tenn., Bd. of Educ.*, 86 F.Supp.3d 831 (M.D. Tenn. 2015).

  **B.  The factors regarding pseudonym use weigh heavily in favor of Plaintiff.**

Plaintiff has a substantial privacy right that outweighs the public's interest in access to the identities of litigants and the customary presumption of openness in judicial proceedings. This case seeks redress not only for the sexual abuse of John Doe 1, but also for the failures of

the remaining Defendants to protect John Doe 1 from grooming and sexual abuse at the hands of the Hucks. Upon review of the Complaint, is readily apparent that Plaintiff's claims will involve revealing information "of the utmost intimacy." Further, during this litigation, John Doe 1 will be forced to discuss details involving multiple instances of the Hucks grooming him, engaging in sexually charged conduct towards him, and ultimately sexual abuse of him. Moreover, Plaintiff will have to discuss the reasons the remaining Defendants knew or had reason to know that the Hucks were engaging in this grooming, harassing, and abusive behavior. Defendants' acts and omissions led to serious consequences for John Doe 1, including his mental health as well as his personal and family life. As such, not only will he be required to divulge details regarding his interactions with the Hucks, but he will also be forced to divulge information about his mental health treatment and his personal and family life. These topics are unquestionably "of the utmost intimacy."

When analyzing whether a lawsuit will compel plaintiffs to disclose information of the utmost intimacy, "federal courts have recognized the privacy interests of alleged sexual assault victims and have held that those privacy interests 'outweigh the presumption in favor of openness.'" *NMIC Ins. Co. v. Smith*, No. 2:18-cv-533, 2018 WL 7859755, at *2 (S.D. Ohio Oct. 24, 2018). As the victim of childhood sexual abuse, John Doe 1 is entitled to have his identity protected. Accordingly, this factor weighs strongly in favor of Plaintiff.

Courts should also consider whether parties are children when determining whether the use of pseudonyms is warranted. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). At many relevant times to the allegations in the Complaint, John Doe 1 was a minor. Specifically, the grooming and sexual abuse of John Doe 1 occurred when he was a minor student. As such, this factor weighs in favor of the use of pseudonyms, even though he is not presently a minor. See *S.C. v. Metropolitan Govt. of Nashville & Davidson Cnty.*, 579 F.Supp.3d 999 (M.D. Tenn.

2022)(Despite reaching age of majority, plaintiff was permitted to proceed under a pseudonym in suit against former school district for response to sexual misconduct that occurred when she was a minor).

Regarding the additional factors discussed in *Sealed Plaintiff v. Sealed Defendant*, although he was a minor at the time, and John Doe 1 was a victim and did nothing to cause or deserve the harassment and victimization he suffered, there is still reasonable fear that requiring him to reveal his identity will result in the risk of re-traumatization, embarrassment, ridicule, and social stigmatization.

Additionally, there is no risk of prejudice to Defendants, as they know the true identity of Plaintiff. Moreover, all of the parties' filings in this case will be publicly available. Only Plaintiff's name will be shielded from public disclosure. Although the public has a legitimate interest in the legal issues arising out of the Complaint, the actual identities of the individual victim is of minimal importance to the public.

In the age of the Internet, Plaintiff's names would forever be associated with Defendants and the sexual abuse of which Plaintiff was a victim, regardless of the ultimate outcome of this lawsuit. As a victim, John Doe 1's identity deserves to be protected, especially considering the nature of the allegations and the ease in which information may be spread across the Internet.

Finally, future plaintiffs and sexual abuse victims may be deterred from reporting abuse or pursuing claims relating to abuse in court, if they are forced to be publicly identified. Further, it is the antithesis of justice to deter minor victims of heinous acts and omissions like those described in the Complaint from taking action by forcing them to be publicly exposed. There is no alternative mechanism outside of the Court's permission to proceed anonymously to protect Plaintiff John Doe 1. Maintaining the anonymity of Plaintiff is imperative to maintaining the anonymity of similarly situated plaintiffs in the future. Courts have determined that there is a

substantial public interest in ensuring that cases involving important issues like those in Plaintiff's case are adjudicated without the risk of stigmatization.

### III. CONCLUSION

In order to pursue his claims, it is imperative that Plaintiff is able to maintain his anonymity. One of the primary factors in filing this lawsuit is to ensure that Plaintiff is able to seek justice, while not subjecting himself to ridicule and reputational harm for Defendants' conduct underlying the claims. Plaintiff respectfully requests that this Court grant this Motion.

        Respectfully submitted,

        *s/ Craig S. Tuttle*
        Craig S. Tuttle (0086521)
        LEESEBERG TUTTLE
        175 S. Third Street, Penthouse One
        Columbus, Ohio 43215
        Tel: 614.221.2223
        Fax: 614.221.3106
        Email: ctuttle@leeseberglaw.com

        Mark. A. Weiker (0086413)
        ABDNOUR WEIKER, L.L.P.
        262 S. Third Street
        Columbus, Ohio 43215
        Tel: 614.745.2001
        Fax: 614.417.5081
        Email: mark@education-rights.com

        *Trial Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed on the 20th day of November 2023 and served upon all parties listed below, along with the Complaint:

**Gallia County Local Schools Board of Education**
4836 State Route 325
Patriot, Ohio 45658

**Jude Meyers**
229 Payne Road
Bidwell, Ohio 45614

**Timothy Ryan Edwards**
2590 State Route 141
Gallipolis, Ohio 45631

**James Michael Jacobs**
413 Buckthorne Drive
Lexington, South Carolina 29072

**Otho Edward Moore**
2600 Addison Pike
Gallipolis, Ohio 45631

**Michal Paige Huck**
42B Hawthorne Lane
Bidwell, Ohio 45614

**Matthew Huck**
1789 Addison Pike
Gallipolis, Ohio 4563

    *s/ Craig S. Tuttle*
Craig S. Tuttle
*Trial Attorney for Plaintiffs*