UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DOE 1,

      Plaintiff,

  v.                                                     Civil Action 2:23-cv-3875
                                                         Judge Michael H. Watson
GALLIA COUNTY LOCAL SCHOOLS        Magistrate Judge Chelsey M. Vascura
BOARD OF EDUCATION, *et al.*,

      Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion for Permission to Proceed Under Pseudonym. (ECF No. 2.) Plaintiff filed his Complaint on November 20, 2023, identifying himself as John Doe 1. (ECF No. 1.) The claims in Plaintiff's Complaint arise out of the alleged unlawful sexual conduct, harassment, and grooming behavior of Defendants Michal Paige Huck and Matthew Huck, which occurred while John Doe 1 was a minor child, and a student at River Valley High School. Plaintiff also alleges that the remaining Defendants failed to take action and investigate numerous reports and complaints about the Hucks and their behavior with students, for years prior to John Doe 1 ever being a student at RVHS. (*Id.*) Plaintiff asserts that if he is forced to reveal his identity in public filings, he will likely suffer further humiliation, ridicule, and trauma. (Mot. 2, ECF No. 2.) Moreover, Defendants are already aware of Plaintiff's identity and will not be prejudiced by Plaintiff's use of a pseudonym. (*Id.*)

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse plaintiffs from identifying themselves in certain

circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a plaintiff's privacy interests outweigh the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F. 3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *Id.* at 561.

The Court is persuaded that disclosure of Plaintiff's identity would equate to a disclosure of information "of the utmost intimacy." *Porter*, 371 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). Plaintiff alleges sexual abuse by the wife of a school employee while Plaintiff was a minor. (*See generally* Complaint, ECF No. 1.) Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness. *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *3 (E.D. Mich. July 22, 2015) (allowing alleged sexual assault victim to proceed anonymously). Moreover, Defendants will not be prejudiced, because they are already aware of Plaintiff's identity.

2

Under the circumstances, the Court finds compelling reasons to protect Plaintiff's privacy and shield her from discrimination and harassment. Therefore, Plaintiff's Motion for Permission to Proceed Under Pseudonym (ECF No. 2) is **GRANTED**.

It is further **ORDERED** that:

(1) In all publicly filed documents, Plaintiff shall be identified only as John Doe 1. All documents filed with this Court that contain Plaintiff's real name, or contain information that would permit identification of his real name, directly or indirectly, shall be filed under seal. The filing party must also contemporaneously file a public version with any identifying information redacted or substituted with Plaintiff's pseudonym.

(2) Plaintiff's identity may be disclosed only to the extent reasonably necessary to conduct this action and only to the following persons:

   a. The Court (including any appellate court) and Court personnel;

   b. Court reporters and videographers in connection with the taking of a deposition or the transcription of court proceedings;

   c. Attorneys for the parties to this action and employees of the attorneys' firms;

   d. Defendants' officers, directors, representatives, and trustees;

   e. Experts, advisors, consultants, and other persons engaged to assist directly in this action; and

   f. Mediators, facilitators, arbitrators, or other third-party neutrals that are engaged by the parties to participate in a resolution of this action.

(3) Individuals to whom disclosure of Plaintiff's identity is made shall not further disclose that information to any other person.

(4) Any person to whom disclosure of Plaintiff's identity is made shall first read this Protective Order prior to having access to Plaintiff's identity.

(5) Under no circumstances shall any person disclose Plaintiff's name to the media without the consent of Plaintiff's counsel.

(6) The parties shall take all other reasonable steps to prevent Plaintiff's real name from being disclosed.

If any specific issues related to the non-disclosure of Plaintiff's identity arise during the course of this action, the parties shall attempt to resolve those issues without court intervention. If the parties reach an impasse, they shall seek further clarification from this Court.

Finally, the undersigned notes that Plaintiff's proposed order granting his motion also included protections for potential student witnesses who were involved in the events underlying Plaintiff's Complaint. (*See* Proposed Order, ECF No. 2-1.) However, Plaintiff's Motion does not contain any facts, arguments, or authorities supporting the protection of the identity of any other individuals in connection with this case. To the extent any witnesses wish to protect their identity, they may file properly supported motions to that effect upon their becoming involving in this litigation.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE