UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John Doe 1, *et al.*,

    Plaintiffs,

v.

Gallia County Local Schools
Board of Education, *et al.*,

    Defendants.

Case No. 2:23-cv-3875

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Matthew Huck ("Defendant") moves for judgment on the pleadings on certain claims against him. ECF No. 43. John Does 1–5 and Jane Doe 1 (collectively, "Plaintiffs") oppose. ECF No. 45. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.    FACTS[1]

At the relevant times, Plaintiffs were minor students enrolled in the Gallia County Local School District (the "District") and Defendant was a teacher and wrestling coach at one of the high schools in the District (the "School"). Con. Compl. ¶¶ 8–13, 20, ECF No. 34. Defendant's wife, Paige Huck ("Ms. Huck"), is a co-defendant in this case. *Id.* ¶ 19.

---

[1] The Court accepts Plaintiffs' factual allegations as true for the purposes of Defendant's motion. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted).

Plaintiffs allege that Defendant and Ms. Huck were grossly inappropriate with and abused students, including hosting sleepovers, providing alcohol and marijuana, watching pornography with students, and having sexual intercourse and other sexual contact with students. *Id.* ¶¶ 29–156. Various people reported this conduct to school officials, who took no action. *Id.*

Based on these allegations, Plaintiffs assert claims under the United States Constitution, Title IX, and Ohio law. *Id.* ¶¶ 157–268.

## II. STANDARD OF REVIEW

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz*, 592 F.3d at 722 (citation omitted). A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)[.]" *Id.* at 555 (internal citations omitted). "For purposes of a motion for judgment on the

pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Fritz*, 592 F.3d at 722 (quotation marks and citation omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

### III. ANALYSIS

Defendant moves to dismiss all of John Does 3, 4, and 5 and Jane Doe 1's claims and all claims under 42 U.S.C. § 1983. Mot., ECF No. 43. In response, Plaintiffs concede that John Does 3, 4, and 5 and Jane Doe 1's claims are barred by the statute of limitations (at least as to Defendant) and, thus, should be dismissed. Resp. 3–4, ECF No. 45. Accordingly, John Does 3, 4, and 5 and Jane Doe 1's claims against Defendant are **DISMISSED**.

The Court now considers John Does 1 and 2's Section 1983 claim against Defendant. In that claim, John Does 1 and 2 allege that Defendant violated their constitutional right to bodily integrity. Con. Compl. ¶¶ 157–174, ECF No. 34.

To state a claim under 42 U.S.C. § 1983, a complaint must allege that: (1) "persons acting under color of state law"; (2) "caused the deprivation of a federal statutory or constitutional right." *Small v. Brock*, 963 F.3d 539, 541 (6th Cir. 2020) (citation omitted).

Defendant argues that Plaintiffs fail to state a claim because, between attempting to plead elements (1) and (2), Plaintiffs impermissibly interchange allegations against Defendant and Ms. Huck. Mot. 14–20, ECF No. 43. That is, Defendant concedes that he was a state actor at the relevant times but maintains that he did not deprive John Does 1 and 2 of their rights; meanwhile, Defendant argues that Ms. Huck's action may have violated John Does 1 and 2's rights but that she was not a state actor. *Id.* Thus, Defendant argues, because neither he nor Ms. Huck check *both* the "state actor" and "deprived John Does 1 and 2 of rights" boxes, Plaintiffs fail to state a claim against him. *Id.*

The Court disagrees. Plaintiffs do not seek to impose Section 1983 liability on Defendant because of only Ms. Huck's actions; they seek to impose liability on him because of his own actions. Plaintiffs allege that Defendant actively and affirmatively facilitated and encouraged their sexual abuse at the hands of Ms. Huck. *See generally*, Con. Compl., ECF No. 34. Plaintiffs allege that this facilitation violated their rights, and the Court agrees.

Consider *Sexton v. Cernuto*, 18 F.4th 177 (6th Cir. 2021). In *Sexton*, a probationer was sexually assaulted by one of her supervisors. *Id.* at 181–83. The probationer sued not only the supervisor who assaulted her, but also another supervisor that facilitated the assault by arranging car rides or assignments that left the probationer and her assailant alone together. *Id.*

The facilitating supervisor argued that he could not be liable under Section 1983 for the assailant's actions. *Id.* at 184. The Sixth Circuit rejected that

argument and explained that when a state actor plays an "active role" in the alleged violation of the plaintiff's right to bodily integrity, he may be liable under Section 1983, even if he did not assault the plaintiff himself. *Id.* at 185–86. Thus, the Sixth Circuit concluded that the district court correctly denied summary judgment because there was a genuine dispute of material fact as to whether the facilitating supervisor "contributed to or enabled the assaults through repeated actions to isolate [the probationer] from the other program participants and to require her to be alone with [the assailant]." *Id.* at 186.

The import of *Sexton*, then, is that if a state actor (who does not himself sexually assault the plaintiff) contributes to or enables another to sexually assault the plaintiff, that state actor may be liable for violating the plaintiff's right to bodily integrity. *Id.* at 185–86.

Applying *Sexton* here, Plaintiffs state a claim against Defendant for his own actions. As in *Sexton*, Plaintiffs allege that Defendant repeatedly facilitated their abuse by hosting overnight events with his students (including John Does 1 and 2) at which Ms. Huck would have sexual intercourse with students; isolating John Does 1 and 2 with Ms. Huck, giving her the opportunity to engage in sexual acts with them; and participating and encouraging various sexual acts between Ms. Huck and John Does 1 and 2 by watching the acts. Con. Compl. ¶¶ 100–

141, ECF No. 34. Thus, Plaintiffs have alleged that Defendant played an active role in their abuse and, as a result, Plaintiffs state a claim against Defendant.[2]

### IV. CONCLUSION

For these reasons, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**. All of John Does 3, 4, and 5 and Jane Doe 1's claims against Defendant are **DISMISSED WITH PREJUDICE**.

All of John Does 3, 4, and 5, and Jane Doe 1's claims against the remaining defendants, however, remain. Moreover, all of John Does 1 and 2's claims, against all defendants, remain.

The Clerk shall terminate ECF No. 43.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**

---

[2] Defendant also argues, citing *Hamilton v. Moran*, No. 19-11572, 2021 WL 364251 (E.D. Mich. Feb. 3, 2021), that he could be liable for only violations that happened "at school or during school-sponsored activities." Reply 9, ECF No. 47; *see also Hamilton*, 2021 WL 364251, at *4. Even assuming that is a correct statement of law, at least some instances of abuse *did* happen at "school-sponsored activities." *E.g.*, Con. Compl. ¶¶ 113–15, ECF No. 34. Thus, this argument falls flat.